**UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **DANIEL STOVALL** | **Civil Action No. 17-83 ERIE** |
| **Plaintiff,** | |
| **v.** | **ORDER ON REPORT AND RECOMMENDATION: ADOPTING IN PART AND DISMISSING COMPLAINT WITH LEAVE TO AMEND** |
| **KEVIN KALLENBACH.** | |
| **Defendant.** | |

## I.      INTRODUCTION

This matter comes before the Court on Plaintiff Daniel Stovall's request to proceed *in forma pauperis*, and the Report and Recommendation ("R&R") issued by Magistrate Judge Susan Baxter, granting Plaintiff's motion to proceed *in forma pauperis*, but dismissing as frivolous Plaintiff's complaint. Dkt. No. 2. After reviewing the R&R, and the relevant pleadings and evidence in the record, the Court hereby finds and rules as follows:

## II.      BACKGROUND

On April 4, 2017, Plaintiff  filed the instant action, claiming violations of "IV, VI, VIII, XIV, and, US, PA Constitution," which the R&R broadly construed as an attempt to assert state and federal constitutional civil rights claims under 42 USC §1983. Compl. at 1, Dk. No. 1.  The complaint named "Kevin Kallenbach, Public Defender," as the sole defendant. According to the complaint, Kallenbach represented Stovall in a criminal proceeding involving a DUI charge, for which Stovall was apparently convicted and sentenced to serve "14 to 28 months in a State Prison." *Id*. at 4. The complaint alleges that Kallenbach was "unprepared" and that his failure to

meet a standard of care constituted legal malpractice, and that he, Kallenbach, was therefore

responsible for Stovall's conviction. *Id*. at 3, 4.

### III. DISCUSSION

A. <u>Request to Proceed *In Forma Pauperis* and Dismissal of Defendant Kallenbach</u>

Stovall's request to proceed *in forma pauperis* is governed by 28 USC §1915(e). That

statute provides a two-step process in evaluating an *in forma pauperis* request. *Roman v. Jeffes*,

904 F.2d 192, 194 n. 1 (3d Cir. 1990). A court is first to assess the plaintiff's financial situation,

and determine whether he or she is qualified to proceed without payment of costs. *Id*. A court

should then evaluate the allegations of the underlying complaint, dismissing the case "if the court

determines that . . . the action or appeal . . . is frivolous or malicious" or "fails to state a claim on

which relief may be granted." *Id*., 28 USC §1915(e)(2)(B)(i)&(ii).

Turning to the first issue, based on submitted documents demonstrating Stovall's limited

resources, the Court adopts the R&R's recommendation to grant Stovall's request to proceed *in*

*forma pauperis.*

Next, the Court evaluates whether dismissal pursuant to 28 USC §1915(e)(2)(B) is

appropriate. Dismissal under that provision is governed by the same standard as a Fed. R. Civ. P.

12(b)(6) motion. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). As under any

motion to dismiss, the court must construe the complaint of a plaintiff proceeding *pro se* liberally

and with care, drawing fair inferences from what is not alleged as well as from what is alleged.

*Id*.

Even under such generous construction, Plaintiff fails to establish that his complaint

states a cause of action against Kallenbach under 42 USC §1983 and the U.S. Constitution, or

any other conceivable claim over which this Court would have jurisdiction, as "it is well

2

established that a public defender performing a lawyer's traditional functions as counsel to a

defendant is not acting under color of state law." *Calhoun v. Young*, 288 F. App'x 47, 49 (3d Cir.

2008), *citing Polk County v. Dodson*, 454 U.S. 312, 325 (1981). Stovall's complaint therefore

fails to allege a basic jurisdictional element of a §1983 civil rights claim against Kallenbach. *Id*.

at 314. Plaintiff's "Objections to Magistrate Judge's Report and Recommendation" apparently

concedes that public defenders "do not act as public administrators." Objections to R&R at 1,

Dk. No. 3. The objections do not call into question the R&R's conclusion that Kallenbach, acting

in his capacity as a public defender, was not a state actor, and therefore, under the facts alleged,

cannot be liable under 42 USC §1983 or other relevant federal law. The complaint against

Kallenbach must be dismissed.

## B. Leave to Amend Complaint

The R&R references, but fails to consider, one additional step required under a 28 USC

§1915(e) dismissal analysis. Before dismissing a frivolous *in forma pauperis* complaint, the

court must first grant a plaintiff leave to amend, if doing so would give the plaintiff an

opportunity to correct the complaint's defects. *Grayson v. Mayview State Hosp*., 293 F.3d 103,

106 (3d Cir. 2002)("[I]nadequate complaints should be dismissed without granting leave to

amend only if amendment would be inequitable or futile."). It is clear that no extent of

amendment could cure the defects of Plaintiff's claims against Kallenbach. There is no indication

in the record, despite a voluminous litany of factual allegations involving Kallenbach, that the

attorney was acting in any role other than as legal counsel to Plaintiff, and that however

inadequate that representation may have been (a matter on which the Court makes no judgment),

Kallenbach was proceeding not as a state actor, but, in fact, as the state's adversary. *See Polk*

*Cty.*, 454 U.S. at 318 ("In our system a defense lawyer characteristically opposes the designated representatives of the State.").

In pleadings subsequent to issuance of the R&R, however, Plaintiff makes clear that he also intends to assert claims against individuals who may have been acting under color of state law. In a proposed amended complaint, Plaintiff names "Commonwealth Mayor Joe Simmott," "County Executive—Kathy Dahlkemper," "Dir. of Administration—Gary Lee," and "Chief Public Defender—Patricia Kennedy," "Individually and collaterally as to all, Official Capacity."[1] Mtn. for Leave to File Amended Compl., Dk. No. 18. As to these individuals, Plaintiff avers:

> All fail to make sure all employees standards [meet] their requirements to [fulfill] their obligations to clients. All fail to require all employees to provide defendants with effective representation. All fail to require all employees (Public Defenders) act/or represent clients to meet standards to [fulfill] 6th Amendment U.S. Const. or Article 1 sec. 9 of the PA Const. The named above were responsible for Implementing and [e]nforcing policy and custom to [assure] that their employees were providing adequate representation, or to protect[] the rights of clients (Defendants).

*Id*.

While on its face the proposed complaint fails to allege any facts specific to these claims or the proposed named Defendants, the Court has identified allegations in the record that may be relevant to Plaintiff's claims against the Defendants he is attempting to add. *Cf. Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (stating that in motion to dismiss, court may look

---

[1] Plaintiff has filed a number of putative motions to amend, several of which were procedurally deficient. *See* Dk. Nos. 4, 6, 8. Magistrate Judge Baxter denied several of these requests on technical and procedural grounds, with leave to refile. *See* Mem. Order, Dk. No. 13. Magistrate Baxter also denied another motion to amend, Dk. No. 18, on substantive grounds, finding an amendment would be futile. *See* Dk. No. 24. That Order "On Plaintiff's Motion for Leave to File Amended Complaint" failed to consider the facts outlined in the documents discussed above, and furthermore would effectively terminate this matter, and therefore is more properly referred to this Court by Report and Recommendation.

beyond the complaint to matters of public record and undisputedly authentic documents).[2]

Specifically, Plaintiff submits documents that appear to establish that at the time of Plaintiff's

criminal trial: (1) Kallenbach was in fact on disciplinary probation, having had his license to

practice law suspended by the Supreme Court of Pennsylvania just one month before Plaintiff's

trial (a suspension that was stayed in favor of probation); (2) Kallenbach had been ordered to

undergo a mental health evaluation; and (3)  the conditions of Kallenback's probation included

appointment of Patricia Kennedy—presumably the same one named as a Defendant in Plaintiff's

proposed amended complaint—to monitor Kallenbach's practice, and to "[p]eriodically examine

[Kallenbach's] law office organization and procedures to ensure that [Kallenbach] has kept his

clients informed about the status of their matters, has replied to client requests for information in

a timely and honest manner, has worked on cases in a reasonably prompt and diligent manner,

[and] has filed documents with the Court in a timely manner as required to protect his clients'

interests." Per Curium Order of the Supreme Court of Pennsylvania, Attached as Exh. to Mt. to

Amend., Dk. No.6. In addition, Plaintiff submits evidence that a month after the Supreme Court

of Pennsylvania issued the disciplinary order, the trial court in Plaintiff's criminal case denied

Kallenbach's request to admit substitute counsel—offered on the morning of Plaintiff's trial—as

untimely, forcing Kallenbach to proceed, as he admitted to the trial court, "essentially

unprepared." *See* Exh. to Mt. to Amend, Dk. No. 6, at 24-26.

Plaintiff failed to tie the foregoing allegations to the Defendants named in the proposed

amended complaint; indeed, he does not include these allegations in the complaint itself.

Nevertheless, in light of the generous pleading standard this Court must afford to *pro se*

---

[2] The Court emphasizes that it is not at this time ruling on a motion to dismiss the proposed amended complaint, which has not technically been filed. It is merely assessing at this point whether an amendment to the original complaint would be futile.

plaintiffs, the Court concludes that there is sufficient evidence in the record to warrant affording this *pro se* Plaintiff the opportunity to amend his complaint. Therefore, the Court adopts the R&R's recommendation that Plaintiff be allowed to proceed *in forma pauperis*, and pursuant to its authority under 28 USC §1915(e), the Court dismisses the complaint, with prejudice, as to Defendant Kallenbach. However, the Court grants Plaintiff leave to file an amended complaint to allow him the opportunity to allege facts in support of his claim that individuals acting under color of state law violated his civil rights.

## IV.    CONCLUSION

For the foregoing reasons, the Court hereby ADOPTS the R&R in part, GRANTING Plaintiff's request to proceed *in forma pauperis*, and DISMISSING the complaint as to Defendant Kallenbach. The Court also hereby GRANTS Plaintiff leave to amend his complaint. Plaintiff shall have 60 day from issuance of this order to file an amended complaint. Failure to do so may result in dismissal of this action.

Dated this 11th day of April, 2018.

Barbara Jacobs Rothstein
U.S. District Court Judge